CHARLES COLTER

*vs.*

CHARLES A. MANN.

The description in a deed was: "A parcel of land known and designated as follows: commencing at a point on Jackson street—the same being one hundred feet from the corner of Jackson and Fifth streets—thence along said Jackson street southward, fifty feet; thence at right angles eastward, one hundred and nineteen feet; thence northward fifty

Colter v. Mann.

feet, at right angles; thence one hundred and nineteen feet, at right angles west, towards place of beginning, the same being the south one-third of lots six and seven, in block sixteen, of the town of Saint Paul Proper." Upon the plat of said town the line of said lots on Jackson street is delineated as one hundred and fifty feet in length, but in point of fact it was but one hundred and forty-five and one-half feet. *Held*, that the south one-third of said lots passed by the deed.

The jury were instructed that the deed did not convey the land in controversy, and that, therefore, the plaintiff was entitled to a verdict. The jury, disregarding this instruction, returned a verdict for the defendant. *Held*, that as the instruction was erroneous, and the jury should have been instructed that the deed did convey the land in controversy, and that the defendant was entitled to a verdict, and the result must, therefore, be the same on a new trial, it is immaterial in its effects on the rights of the parties that the jury disregarded the said erroneous instruction.

Ejectment, in the district court for Ramsey county, for the northerly three feet of the southerly one-third of lots six and seven, block sixteen, St. Paul, fronting on Jackson street, as shown in the diagram below. The plat of St. Paul shows the front of these lots on Jackson street to be one hundred and fifty feet, while by an actual survey they have only one hundred forty-five and one-half feet front. In June, 1853, plaintiff, by a full covenant deed, conveyed to one William Colter, (through whom defendant claims title,) by the following description : " Commencing at a point on Jackson street,—the same being one hundred feet from the corner of Jackson and Fifth streets—thence along said Jackson street southward, fifty feet; thence at right angles eastward, one hundred and nineteen feet ; thence northward, fifty feet at right angles; thence one hundred and nineteen feet at right angles west, towards the place of beginning, the same being the south one-third of lots six and seven in block sixteen of the town of St. Paul Proper."

Upon the trial the jury were instructed that the said deed did not convey or pass the title to any portion of the strip of

Colter v. Mann.

three feet, and that, therefore, the plaintiff was entitled to a verdict. The jury disregarded this instruction, and returned a verdict for the defendant. A new trial was ordered on motion of the plaintiff, and from the order granting the same the defendant appeals.

The construction of the above description is the principal question in the case.

FIFTH STREET.

N.

LOT 7.

LOT 6.

JACKSON STREET, 145½ FEET.

W.

E.

Strip of land in controversy.

S.

ALLIS, GILFILLAN & WILLIAMS, for Appellant.

I. A map or plan referred to in the description in a deed becomes part of the deed. *Leaward vs. Malott,* 15 *Cal.* 304 ;

Colter v. Mann.

*Glover vs. Shields,* 32 *Barb.* 374; *Lunt vs. Holland,* 14 *Mass.* 149; *Davis vs. Rainsford,* 17 *ib.* 207; *Birmingham vs. Anderson,* 48 *Penn. State,* 253; *Noonan vs. Lee,* 2 *Black,* 504.

II.   When in a deed there are two descriptions, each complete, but they are inconsistent, the one having the elements of greater certainty controls.   *Lincoln vs. Wilder,* 29 *Maine,* 169; *Benedict vs. Gaylord,* 11 *Conn.* 333; *Jackson vs. Camp,* 1 *Cowen,* 605; *Jackson vs. Wendell,* 5 *Wendell,* 142.

III.   When there is a description by courses and distances and one by reference to known monuments, the latter prevails; and a map or plan referred to, (certainly if it be, as in this case, a public record,) stands upon the same footing as a monument and is of even higher authority.   *Parke vs. Loomis,* 6 *Gray,* 467; *Lunt vs. Holland,* 14 *Mass.* 149; *Vance vs. Fore,* 24 *Cal.* 443; *Wolfe vs. Scarborough,* 2 *Ohio State,* 263; *Wagoner vs. Lapham,* 21 *Pick.* 135; *McIver vs. Walker,* 9 *Cranch,* 173.

IV.   If these can be treated as two complete and perfect descriptions, each purporting to convey a portion of lots six and seven, and they are inconsistent, then which is the most certain, the one which describes the land as the south one-third of lots six and seven, or that which commences at a point, *being* one hundred feet from another point, and projects a description on that; in which were the parties most likely to be mistaken?   Most certainly they must have known that they did, or did not, intend to convey the south third of the lots, it is hard to conceive how there could be any mistake about that; but they might very easily be mistaken as to the exact location of the point at which to commence the description of such one-third, as to the exact distance of that point from the corner of Jackson and Fifth streets.

The most unreliable element of description is quantity, the next to it is courses and distances.

V.   In this deed the description, " the same being the south

one-third of lots six and seven in block sixteen of the town of St. Paul Proper," is of itself a complete, perfect, certain and intelligible description; it requires no aid from the other description, but can stand alone. It is not so with the description by courses and distances, for which plaintiff contends thus: "commencing at a point on Jackson street, the same *being* one hundred feet from the *corner* of Jackson and Fifth streets, thence" etc; from this no starting point can be got, for it does not state in what direction, north or south, from the corner, nor on which side of Jackson. Four points can be found to answer the designation, and there are two points, one north and the other south of Fifth and on the east side of Jackson, upon which the entire description by courses and distances may be projected. This description cannot be located, and, so the surveyor swears, without taking in that which we claim to be the controlling element in the entire description, to-wit: that locating it in the one-third of the lots. Reject the description by courses and distances and the deed stands without any ambiguity or uncertainty; reject the other and the deed is void. Moreover, as the lots had only 145 1-2 feet front on Jackson street, accept the construction which plaintiff contends for, and the description covers property which the grantor did not own.

As the description by courses and distances cannot stand without the other, it must be deemed subordinate to it, and being incorrect must be rejected. *Myers vs. Ladd,* 26 *Ill.* 415; *Lane vs. Thompson,* 43 *N. H.* 320–593; *Reed vs. Spicer,* 27 *Cal.* 57; *Anderson vs. Berryman,* 7 *Mich.* 69; *Lenoyer vs. Kendall,* 10 *Cush.* 241; *Lush vs. Druse,* 4 *Wend.* 313; 14 *Mass.* 144.

VI. If there are two complete descriptions, and it is ambiguous which is the right one, the grantee may elect. *Esty vs. Baker,* 50 *Maine,* 325.

Unless he elects, the court will adopt that which is most fa-

Colter v. Mann.

vorable to the grantee. *Willard on Real Estate*, 403; *Washburn's Real Property*, B. 3, 333; *Dare vs. Dixon*, 9 *East*. 14; *Melvin vs. Proprietors*, 5 *Metcalf*, 15; *Lunt vs. Holland*, 14 *Mass*. 149; *Glover vs. Shields*, 32 *Barb*. 380; *Vance vs. Fore*, 24 *Cal*. 443.

SMITH & GILMAN, for Respondent.

I.  The motion for a new trial was properly allowed, otherwise the ruling of the court may be treated with contempt, and wrongfully disregarded, and the appellant be allowed to take advantage of the wrong, and profit by the contempt, a condition of things not to be tolerated.

II.  The conveyance to William Colter did not cover the property in controversy, and the court did not err in its ruling.

III.  The description in the deed to William Colter is not uncertain and ambiguous.  The starting point is fixed and certain.  "Commencing at a point on Jackson street, the same (point) being one hundred feet from the corner of Jackson and Fifth streets; thence along said Jackson street *southward*, fifty feet; thence at right angles eastward, one hundred and nineteen (119) feet; thence northward fifty (50) feet, at right angles; thence one hundred and nineteen (119) feet, at right angles, west, towards the place of beginning."

It is clear that the starting point is 100 feet south of the corner of Jackson and Fifth streets, and that the property included all lies south of that starting point, the addition of the words, "the same being the south one-third of lots 6 and 7, in block 16, of the town of St. Paul Proper," cannot change or affect the specific lines of the grant, or enlarge the same so as to include the three feet in dispute.

IV.  The fact that the block is five feet short, cannot aid the construction.  If the block had overrun in quantity, Charles

Colter would be limited to his 100 feet, and the respondent would have had the surplus pertaining to these lots. He took the chances as to whether the portion called the south third, contained more or less than a third.

*By the Court.*—RIPLEY, CH. J.—This was an action to recover a strip of land, part of lots six and seven, in block sixteen, in Saint Paul Proper, three feet wide on Jackson street, and extending back through said lots to the east line of lot six, and distant ninety-seven feet south from the corner of Jackson and Fifth streets.

Defendant claims title thereto through a deed from plaintiff to one W. C.

At the trial, the jury were instructed that the said deed did not convey or pass the title to any portion of said strip of three feet, and that, therefore, the plaintiff was entitled to a verdict. The jury, disregarding this instruction, returned a verdict for the defendant.

A new trial was ordered, and the defendant appeals from such order, contending that the verdict was right and the charge wrong in point of law.

The description of the premises in the deed aforesaid is as follows: "A parcel of land known and designated as follows: commencing at a point on Jackson street, the same being one hundred feet from the corner of Jackson and Fifth streets; thence along said Jackson street southward, fifty feet; thence at right angles, eastward one hundred and nineteen feet; thence northward fifty feet, at right angles; thence one hundred and nineteen feet, at right angles west towards the place of beginning, the same being the south one-third of lots six and seven, in block sixteen, of the town of Saint Paul Proper.

It is of course perfectly evident, that the intention is to

Colter v. Mann.

convey a part of said lots six and seven according to the plat of said town.

The south one-third would be a piece rectangular in shape one hundred and nineteen feet long, and so many feet wide, measuring north from the south-west corner of said lot seven, as would be equal to one-third of the whole line of said lots on Jackson street. Upon reference to the plat it appears that said line is thereon delineated as one hundred and fifty feet in length on Jackson street, and the south one-third of said lots would therefore measure fifty feet thereon, and be distant one hundred feet from the corner of the two streets, and so the parties undoubtedly supposed that the fact was.

But it appeared from the evidence that said line was but one hundred and forty-five and one half feet on Jackson street, as is shown on the diagram.

The south one-third thereof in that case would measure but forty-eight and one half feet on Jackson street, but as the distance from the north line thereof to Fifth street would be but ninety-seven feet, it would necessarily include the strip in controversy.

It is clear, in the respondent's opinion, that the starting point of the description is one hundred feet south of the corner of Jackson and Fifth streets, and that the property intended to be conveyed all lies south of the starting point, and that, therefore, the addition of the words " the same being the south one-third," &c., cannot change the specific lines of the grant. If so, if the intention was to convey land lying wholly south of a fixed starting point, the instruction was right.

But without the words in question it is not only not clear that the starting point is one hundred feet south of the corner, but it is wholly uncertain which corner of Jackson and Fifth streets is intended, i. e., there is no starting point fixed at all. Those words by indicating the lots and block, enable us to

locate the corner intended.   They cannot, therefore, be reject-
ed in any inquiry as to what was meant to be conveyed.   If
so, the inevitable conclusion is that the intention was to con-
vey the south one-third of the lots.

If the intention to convey a particular tract is clear, although
the parties have given an incorrect specific description of it,
the tract will pass.   (*Worthington vs. Hilyer*, 4 *Mass*. 196.)
Or, in the language of the court in that case, if the description
be sufficient to ascertain the estate intended to be conveyed,
although the estate will not agree to some of the particulars
in the description, yet it shall pass by the conveyance, that the
intent of the parties may be effected.   (See also *Bosworth vs.
Sturtevant*, 2 *Cush.* 392.)

It is, indeed, a well known rule of construction that a pre-
cedent particular description shall not be impaired by a sub-
sequent general description or reference.   But this is not that
case, for without the subsequent general description, here is
no precedent particular description at all, but unintelligible
words only.

It is another general rule that what is most material and
most certain, will control that which is less material and less
certain.   (*Doe vs. Thompson*, 5 *Cowen*, 371.)

Much more will that which is of itself clear and certain,
control what without it is wholly uncertain and senseless.   (*My-
ers vs. Ladd*, 26 *Ill.* 415.)   The " south one-third of lots six
and seven" is in itself a clear and definite description, as much
so as lots six and seven would be.

It seems to us that the respondent gives up his whole case,
when he admits that if the line on Jackson street had been
*more* than one hundred and fifty feet long, he would be lim-
ited to his one hundred feet, and appellant would have had
the surplus—for that could only be because the deed conveyed
the south one-third of the lots.

Colter v. Mann.

If these words are to have no effect on the construction of the grant, and the particular description contained, as respondent says it does, a fixed starting point irrespective of them, no reason can be given why the appellant should take more than his fifty feet south of such starting point.

But, again, if we avail ourselves of the words " the south one-third of lots six and seven," to locate the corner of Jackson and Fifth streets, mentioned in the precedent particular description, we have then two descriptions in this deed ; one of a strip fifty feet wide commencing at a point one hundred feet south of said corner, the other comprised in the said words " being the south one-third," &c.

As the two would be irreconcilable, and it would be doubtful upon the face of the deed which was right, the familiar rule of law applies, that if there be a doubt as to the construction of a deed poll, it shall be taken most favorably for the grantee.

If, therefore, there be two descriptions of the land conveyed, which do not coincide, the grantee is entitled to hold by that which will be most beneficial to him.   *Melvin vs. Proprietors, &c.*, 5 *Met.* 15 ; *Esty vs. Baker,* 50 *Maine,* 525 ; *Vance vs. Fore,* 24 *Cal.* 443 ; 3 *Washburn Real Prop., p.* 343.

If our construction of this deed is correct, the jury should have been instructed that it did convey to the defendant the strip in question, and that he was entitled to a verdict.   On a new trial the final result must be the same as on this.   It is, therefore, immaterial in its effects on the rights of the parties that the jury disregarded the erroneous instruction of the judge.

Order appealed from reversed