WILLIAM H. GASLIN *vs.* COLEMAN BRIDGMAN.

March 31, 1880.

Assignment of Log-mark—Record, when unnecessary.—In Gen. St. 1878, c. 32,. § 19, it is provided that "no sale or transfer of any log-mark, or sale, mortgage or other transfer or encumbrance of any logs cut in this state, or which come into any district of this state, shall be legal or binding, except between the parties thereto, unless such sale, transfer, mortgage or encumbrance is in writing and recorded in the office of the surveyor general in the district where such logs were cut, or into which they have come if cut in another state." The meaning of this is that no unwritten and unrecorded transfer, etc., of a log-mark or logs shall be valid or binding, except between the parties thereto, as respects a person who has acquired some right thereto ; (as, for instance, by transfer) from the person who, upon the records of the surveyor general's office, appears to be owner of the same. The statute is not intended to protect a mere stranger or trespasser, who has no show of right beyond what arises. from his unlawful appropriation or possession.

Verdict supported by the evidence.

Plaintiff brought this action in the district court for Stearns county, alleging that between April 1, and November 1, 1875, he was the owner of and had in his possession a large lot of cedar logs, a part of which were marked O $\times$ O, and the rest X I X, which marks belonged to him as owner and were of record in the proper surveyor general's office ; that during such time the said logs were being driven by him in the Mississippi river, from a point above Stearns county to the city of Minneapolis, on said river, below Stearns county; and that at divers times between April 1, and November 1, 1875, the defendant, within said county, knowingly, wilfully and unlawfully, and without the knowledge or consent of the plaintiff, took out from said river and from its margin, 1,000 of said logs, of the value of $1,500, and wrongfully converted the same to his own use, and wilfully cut, effaced, mutilated and destroyed the marks thereon, to plaintiff's damage in the sum of $1,500. Judgment is demanded for double the value of the logs, as by statute provided, and for

costs. The defendant in his answer put in issue the plaintiff's possession of the logs, and his ownership of the logs or log-marks, and denied that he ever took from the river, or had in his possession, or converted, any of the logs mentioned in the complaint, or any logs of the marks therein mentioned, except 21 logs of the mark O ✕ O, which he bought of one Hansen, who then had them in his possession with other logs which were being driven by him in the river in Stearns county above St. Cloud, and that he took from the river the logs so purchased, under Hansen's authority, and pursuant to such purchase, and that such logs were not worth more, in the aggregate, than $20.

At the trial before *McKelvy,* J., the plaintiff had a verdict for $600; a new trial was refused, and the defendant appealed. The exceptions taken are stated in the opinion.

*D. B. Searle* and *L. W. Collins,* for appellant.

*Taylor & Calhoun,* for respondent.

BERRY, J. The important question on this appeal is whether the evidence reasonably tends to sustain the verdict. That the defendant wrongfully appropriated some of the plaintiff's logs is evident; but, as to how many were so appropriated, it must be admitted that the testimony is by no means explicit. But, upon a careful examination, we think the evidence reasonably tends to show that the plaintiff lost a much larger number of logs than the verdict charges to the defendant; that the lost logs could only be accounted for upon the supposition that they or a large portion of them—as many, at least, as the verdict charges to defendant—were taken into defendant's boom, and were the same which were sawed by him, and appropriated to his own use. We think the jury might well have come to the significant conclusion that the defendant failed to show satisfactorily how he came into possession of the great majority of the logs in his boom upon any other basis.

There were two marks of logs claimed by plaintiff, X I X and O ✕ O, some of each of which were found in defend-

ant's boom, and were appropriated by him. The plaintiff testified that he owned both of the marks. To the former he showed title by the records of the office of the surveyor general of the second district; to the latter he showed title by parol evidence of transfers not in writing, and which had not been entered in the proper surveyor general's office.

The statute provides (Gen. St. 1878, c. 32, § 19,) that "no sale or transfer of any log-mark, or sale, mortgage or other transfer or encumbrance of any logs cut in this state, or which come into any district of this state, shall be legal or binding, except between the parties thereto, unless such sale, transfer, mortgage or encumbrance is in writing, and recorded in the office of the surveyor general in the district where such logs were cut, or into which they have come if cut in another state."

The court below in effect held that, under this statutory provision, a transfer of a log-mark and logs, not in writing and not recorded in the proper surveyor general's office, is an absolute nullity, except between the immediate parties to such transfer; that it is such nullity even in favor of a mere stranger or trespasser, who has appropriated to his own use logs marked with such log-mark, without any authority whatever. The jury were accordingly instructed that the plaintiff could recover nothing on account of defendant's appropriation of logs marked O ✕ O. This was wrong. The meaning of the statute is that no unwritten and unrecorded transfer, etc., of a log-mark or logs shall be valid or binding, except between the parties thereto, as respects a party who has acquired some right thereto (as, for instance, by a transfer) from the person who, upon the records of the surveyor general's office, appears to be owner of the same. It is not intended to protect a mere stranger, or trespasser, who has no show of right beyond what arises from his unlawful appropriation and possession.

The practical importance of this error of the court below is this: The jury are to be presumed to have followed the

instruction of the court; but if, upon the evidence, they could not have arrived at the amount of their verdict without taking into account the logs marked O ✕ O, thus disregarding the instruction given, the fact that they did take those logs into account is not an error prejudicial to the, defendant, and furnishes no ground for a new trial. ' *Colter* v. *Mann*, 18 Minn. 96.

Order affirmed.