EDWIN M. JANNEY and another *vs.* E. A. BOYD

March 20, 1883.

**What Constitutes Binding Usage.**—A usage, to be binding simply as such,. must be established, general, and uniform, as applicable to the particular business with reference to which it is sought to be set up.

**Agent to take Orders—Authority to Receive Payment.**—Independent of controlling usage to the contrary, the fact that one is, or acts as, agent to take orders for goods, does not of itself authorize him to receive payment for the same.

**Pleading—Authority—Ratification.**—An allegation in a complaint of authority to do an act may be established by proof of ratification.

Appeal by plaintiffs from an order of the district court for Stearns county, *McKelvy*, J., presiding, refusing a new trial after verdict for defendant.

*D. B. Searle* and *Geo. R. Robinson*, for appellants.

*L. W. Collins* and *Theo. Bruener*, for respondent.

BERRY, J. Action for the price of merchandise sold defendant by plaintiffs, a Minneapolis firm. Defence, that defendant paid the price to one Moles, the plaintiffs' agent, duly authorized to receive it. Defendant, by letter, requested Moles to "have sent" to him the merchandise, and Moles handed the order to plaintiffs, who filled it and transmitted their bill to defendant. When the order was sent to Moles and by him handed to plaintiffs, he was a "commercial traveller" for a Chicago house, but not for plaintiffs. To prove Moles's authority to receive payment, defendant asked him to state what a commercial traveller was, and his manner of doing business. The question was allowed, against plaintiffs' objection that it was irrelevant and immaterial. The answer was that a commercial traveller "is an agent or partner in a house doing a wholesale business. They travel, soliciting business from persons in the same line of goods as they are. These orders are sometimes transmitted or given by them direct, and sometimes carried in by agents. They frequently receive orders for goods which are not sold by the houses they represent. Such

orders are handed to other houses by the house the agent represents, or by the agent in person." Defendant next asked Moles, "What is the usage among commercial travellers and the houses they represent as to the payment for these goods?" Plaintiffs objected to the question as incompetent, irrelevant, and immaterial, but the objection was overruled, and the witness answered that "Payments are received by the commercial travellers."

As an inquiry merely preliminary to some pertinent inquiry to follow it, the first question was proper, so far as the plaintiffs' objections were concerned. But the second question was clearly immaterial, and should have been excluded. Moles was not the commercial traveller of the plaintiffs, and he did not represent their house as such. The plaintiffs' case was that of a house for which Moles (a commercial traveller for a Chicago house) took an order without representing it. The usage of commercial travellers, and of the houses which they represent, unless it was also the usage of houses for which such travellers take orders without representing them, was, therefore, manifestly unimportant and immaterial, and, as the answer tended to prejudice plaintiffs substantially, there must be a new trial.

With reference to a future trial, and to objections subsequently appearing in the settled case, we observe that a usage, to be binding simply as such, must be established, general, and uniform, as applicable to the particular business with reference to which it is sought to be set up. It must be *the* mode in which persons in that line do their business, so that the law will presume knowledge of it. *Porter* v. *Hills,* 114 Mass. 106; *Trott* v. *Wood,* 1 Gall. C. C. 443; *Dodge* v. *Favor,* 15 Gray, 82; *Hall* v. *State,* 48 Ga. 607; Lawson on Usages, 31, 36, 40, 44, 101, 103, 104; 2 Greenl. on Ev. § 251. Also, that, independent of controlling usage to the contrary, the sale of goods by an agent, or the fact that he is or acts as agent to take orders for goods, does not of itself authorize him to receive payment therefor. *Korneman* v. *Monaghan,* 24 Mich. 36; *Higgins* v. *Moore,* 34 N. Y. 417; *Clark* v. *Smith,* 88 Ill. 298; *McKindly* v. *Dunham,* 55 Wis. 515.

With regard to the question of pleading raised, we think proof of ratification by plaintiffs of the payment made by defendant to Moles was admissible, under the allegation that Moles was authorized to

receive it. The ratification would be equivalent to prior authority. *Hoyt* v. *Thompson,* 19 N. Y. 207. The testimony that Moles was a brother-in-law of the plaintiffs should have been rejected. Of course it had no legal tendency to show that he was authorized to act as their agent.

As to other errors assigned, we deem it unnecessary to add anything to what has already been said. We call attention, however, to the fact that it does not appear (unless, possibly, by inference) that Moles, at the time when he received the payment, was a commercial agent at all.

Order reversed.