JAMES S. ANDERSON and others *vs.* JAMES MALOY and others.

May 14, 1884.

**Driving of Logs—Obstruction by Logs of Others.**—If the logs of A are in the way of the logs of B, so that B cannot drive his until A's are got out of the way, B is hindered or obstructed, within the meaning of Gen. St. 1878, *c.* 32, § 78. To constitute such hindrance or obstruction, it is not necessary that the logs of B should come in actual contact with those of A.

Plaintiffs brought this action in the district court for Washington county to recover the value of their services in driving logs. They allege that defendants were the owners of 1,700,000 feet of pine saw-logs lying in and on the banks of Snake river, and destined for the St. Croix boom, and plaintiffs were the owners of a large quantity of logs lying up stream from those of defendant, and which plaintiffs began to drive towards the St. Croix boom, until they reached the logs of defendants, when, without plaintiffs' fault, their own logs became inevitably stopped by defendants' logs, and intermixed with them, so that plaintiffs were obliged to and did drive all the logs so intermixed to the St. Croix boom, which was the first point where they could be conveniently separated. That the plaintiffs thus drove about 1,300,000 of defendants' 1,700,000 feet, the remaining 400,000 feet not being in the water and not obstructing plaintiffs.

Plaintiffs further allege that after they had begun driving the logs of defendants which obstructed them in driving their own, the defendants requested them to drive all their logs from the places where they were landed into the St. Croix boom, and that plaintiffs accordingly took possession of and drove such logs, being about 400,000 feet. That they cannot state with exactness the amount driven by request, as they were not, and from the nature of the business could not be, separately scaled. They allege that 75 cents per 1,000 feet was the reasonable worth of their services, and ask judgment for $1,275, and interest. All the averments of the complaint were put in issue by the several answers of the defendants.

At the trial before *Crosby*, J., the plaintiffs had a verdict; a new trial was refused, and the defendants appealed.

*Fayette Marsh*, for appellants.

*J. N. & I. W. Castle*, for respondents.

BERRY, J.[1] The plaintiffs' claim for driving the 400,000 feet of logs was based upon an alleged undertaking on their part to drive them at an alleged special request of the defendants. If such was the undertaking, and plaintiffs performed it, as there was competent evidence tending to show, then, in the absence of an agreed price, plaintiffs were entitled to recover the reasonable value of their services. Whether the undertaking was performed wholly by plaintiffs themselves, or in part by other persons whose services they recognized and paid for, is quite immaterial. It is enough for defendants that it was *performed*, whether by or on behalf of the plaintiffs. Upon the pleadings, and the whole theory of the case and course of the trial, we think the court was entirely justified in treating the drive testified to as a drive into the St. Croix boom, and in instructing the jury accordingly. And there was competent evidence clearly tending to show that, as respects the 400,000 feet, this drive was accomplished.

The plaintiffs' other claim, viz., that for driving the sixteen or seventeen hundred thousand feet of logs, less the 400,000 feet, is based upon a statute (Gen. St. 1878, c. 32, § 78) authorizing a person who is hindered and obstructed in driving logs by the logs of another, or whose logs are intermixed with those of another, so that they cannot conveniently be separated for the purpose of being driven, to drive such obstructing or hindering or intermixed logs to some point where they can be conveniently separated from his own, and to recover a reasonable compensation for so doing from the owner. If the logs of A are in the way of the logs of B, so that B cannot drive his until A's are got out of the way, B is hindered or obstructed, within the meaning of the statute. It is not necessary, to constitute such hindrance or obstruction, that the logs of B should have come in actual contact with those of A. This is all that we deem it necessary to say

---

[1] Dickinson, J., because of illness, took no part in this decision.

with regard to the plaintiffs' claim for driving the logs of defendants other than the 400,000 feet, except to add that in our judgment there is competent evidence tending to show that, under the statute cited, the plaintiffs have entitled themselves to recover of defendants a reasonable compensation for such driving.

It follows, from the foregoing, that the defendants' motion to dismiss, and their motion for a new trial, were both properly denied. The order denying a new trial is accordingly affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.