ROBERT OSBORNE *vs*. C. N. NELSON LUMBER COMPANY.

March 11, 1885.

| 33 | 285 |
| --- | --- |
| 43 | 134 |
| 33 | 285 |
| 44 | 158 |
| 33 | 285 |
| 46 | 219 |
| 33 | 285 |
| 72 | 137 |

Statutory Compensation for Driving Intermingled Logs — Error in Striking Matter from a Pleading Cured by Findings.—In an action to recover by force of the statute (Gen. St. 1878, *c.* 32, § 78,) compensation for driving logs of the defendant, intermingled with those of the plaintiffs, the court struck out a portion of the answer, alleging as a defence that the plaintiff did not drive *all* of the intermingled logs of the defendant. The court, however, upon the evidence, found the fact to be substantially as alleged by the defendant, but that the conduct of the plaintiff had been in accordance with the request of the defendant. *Held*, that the defendant was not prejudiced by the striking out of the answer.

Same—Custom at Variance with Statute.—The existence of a *custom* to treat as voluntary and gratuitous services authorized by statute, and upon the performance of which, even without the consent of the defendant, a right of compensation is given, cannot affect the statutory right of compensation, and is no defence to an action to recover the same.

Same—Evidence Held Sufficient.—Evidence considered sufficient to justify the finding that the logs were driven to a point where they could be conveniently separated.

Same—Driving without Notice to Owner.—One may be charged with liability in favor of another, who drives the logs of the former, under au-

thority of the statute, even without previous notice to the person to be charged.

**Same—Measure of Compensation.**—The compensation allowed by statute is to be measured by the value of the labor performed in driving the logs of the defendant, and not by the value or extent of the benefit thereby conferred.

Plaintiff brought this action in the district court for Carlton county, under Gen. St. 1878, *c.* 32, § 78, to recover compensation for driving logs of defendant which were intermingled with his own. The action was tried by *Stearns*, J., without a jury, and judgment ordered for plaintiff. Defendant appeals from an order refusing a new trial.

*Ensign & Cash*, for appellant.

*White & Bower*, for respondent.

DICKINSON, J. Gen. St. 1878, *c.* 32, § 78, provides that "any person who shall desire to float to market or place of manufacture any logs or timber in any of the streams of this state, and who shall be hindered and obstructed in so doing by the logs or timber of another, or any person whose logs or timber, in any of the waters of this state, are so intermixed with the logs or timber of another that the same cannot be conveniently separated for the purpose of being floated to the market or place of manufacture, may drive all logs or timber, with which his own is or may be obstructed or intermixed, towards such market or place of manufacture, to some point where the same can be conveniently separated from his own, and shall be entitled to a reasonable compensation therefor from the owner of such logs or timber." By this action a recovery is sought, by force of the statute, for driving logs of the defendant which, at the time when the plaintiff commenced driving his logs in the Cloquet river, were so intermingled with those of the plaintiff that they could not be conveniently separated. In driving the intermingled logs, the plaintiff left a large amount of the defendant's logs, which became separated from his own, at various points along the stream; and this fact was relied upon as a defence, or at least as affecting the measure of the plaintiff's recovery. That portion of the answer which alleged this fact was stricken out by the court, and this constitutes one of the errors assigned. We do not construe this portion of the answer as being

in the nature of a counterclaim, and the appellant does not claim that it was such, but only that the matter alleged was proper as a *defence*.

It may be assumed that the law is as the appellant claims it to be: that one who undertakes, by authority of the statute, to drive the logs of another which are intermingled with his own, is bound to carry along all of such intermingled logs to a place where they may all be separated, and that he may not leave scattered along the shores, or aground upon rocks, such portion of the other's logs as may become separated from his own during the progress of the work, and then claim compensation for such portion as may be taken through to the place of separation.     But, notwithstanding the striking out of this part of the answer, the court found the fact to be substantially as alleged by the defendant.   The court further found, upon evidence which is deemed to justify the conclusion, that it was in accordance with the defendant's request that the plaintiff dropped out of his drive such logs of the defendant as became separated from his own.   It is therefore apparent that the defendant has not been prejudiced by the striking out of that defence from the answer.   The defendant might excuse the plaintiff from the full performance of his legal duty in respect to the defendant's logs; and the request of the defendant had that effect.

The court also struck out another portion of the answer alleging the existence of a *custom* to regard such services as those sued for as being voluntary and gratuitous.   This was not error.   The service was rendered solely by authority of the statute, and not by virtue of a contract.   The statutory right of compensation cannot be affected by a custom to relinquish such right.

It is claimed that the plaintiff did not comply with the statute in that he did not drive the logs to a point where they could be conveniently separated.   The court has found that the plaintiff drove the logs, for driving which a recovery is awarded, down the Cloquet river into the St. Louis river, and into the boom limits of the Knife Falls Boom Company, "a suitable place to assort and separate said logs."   This finding is justified by the evidence, which is as follows, being the testimony of the plaintiff: "As yet I have driven no farther

than Grand Rapids. You can't separate logs at Grand Rapids. It is right on the rapids, and there is no room there for separating. *The jam run over the rapids down to the sorting works, and there separated.* I think from the foot of the rapids down to the separating works it may be a mile and a half. You get into the limits of the Knife Falls Boom Company about half a mile below the mouth of the Cloquet river. What they call the limits is above Grand Rapids. I drove the logs within their limits." The act creating the Knife Falls Boom Company, and defining its duties, was also in evidence, which requires that corporation to receive and take the entire control and possession of all logs coming within its limits. Sp. Laws 1872, *c.* 106. See *Osborne* v. *Knife Falls Boom Co.,* 32 Minn. 412. It elsewhere appears that plaintiff intended to drive his own logs to Duluth, which explains the "as yet" in the first sentence of plaintiff's testimony above. A reasonable interpretation of the evidence is that the plaintiff drove the logs within the boom company's limits and as far as Grand Rapids, and that they ran over the rapids to the sorting works below. It is not to be concluded, upon a review of this evidence, that the logs were stranded or jammed at the rapids in an inseparable mass.

Again, it is urged that the defendant should not be charged with liability without notice and opportunity to take charge of and drive its own logs. The statute does not provide for notice, and does not seem to contemplate any. The statute is effectual to give a right of recovery under the conditions prescribed, if it is a valid enactment, and we do not understand that its validity is called in question. Its expediency it is not our province to consider.

Several exceptions rest upon the theory that the measure of the plaintiff's recovery is to be determined with regard to the benefit which the defendant derived from the acts of the plaintiff. It was from considerations of necessity that the law was enacted authorizing one to take possession of and drive the logs of another without his consent; and, while the provision allowing compensation was probably adopted in view of the fact that, as was considered by the legislature, a benefit would ordinarily accrue to the owner of the property from such service, it is evident that the purpose of the law was that the "reasonable compensation" authorized to be recovered should be

measured upon the basis of the value or worth of the service; and a recovery may be had although the service was of no benefit to the defendant. The reasoning of the court in *Osborne* v. *Knife Falls Boom Co., supra,* is applicable here. Some other points are presented, to which we deem it unnecessary to refer particularly. We find no errors in the rulings of the court, and the findings are supported by the evidence.

Order affirmed.