LUTHER THOMPSON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

July 13, 1886.

**Wages of discharged Railroad Employe, when payable.**—A railroad employe, upon being discharged from service, is entitled to immediate payment of the wages due, and may maintain an action for the recovery of the same; the evidence failing to show a general custom among railroads to defer payment, or notice to the plaintiff of a regulation or usage of his employer to do so.

Appeal by defendant from a judgment of the district court for Waseca county, *Buckham*, J., presiding, affirming a judgment of the municipal court of Waseca.

*B. S. Lewis*, for appellant.

*Collester & Crump*, for respondent.

DICKINSON, J.    The question before us is whether, upon plaintiff being discharged from the defendant's service, on the 31st of July, after five days' service, a right of action at once arose for the recovery of his wages, or whether, by force of an alleged usage, or from the inconvenience to which the obligation of immediate payment would subject the defendant, the right of action was deferred, so as to enable the defendant to make payment in the manner shown in the latter part of the twelfth finding of the court.    The obligation to make payment arose at once upon the termination of the contract of service, and the right of action became perfect,—*Ganser* v. *Fireman's Fund Ins. Co.*, 34 Minn. 372, (25 N. W. Rep. 943,)—unless the case is to be deemed to be exceptional, upon the grounds above referred to.    The usage of the defendant as to the manner of paying employes not on the monthly pay-roll is not found to have been brought to the notice of the plaintiff.    Unless this was done, it would not be, by implication, a part of the contract, nor would it affect the plaintiff; and he would be entitled to payment at once, upon the termination of the service by the discharge of the servant.    No regulation or usage of the employer of which the servant is not chargeable with notice could affect the legal obligations arising from the contract.    *Collins* v. *New*

*England Iron Co.*, 115 Mass. 23; *Stevens* v. *Reeves*, 9 Pick. 197. The fact that the same usage was observed by four other railroad corporations does not show the existence of a *custom* with regard to which the contract in question is to be deemed to have been made. *Pevey* v. *Schulenburg & Boeckeler Lumber Co.*, 33 Minn. 45, (21 N. W. Rep. 844;) *Janney* v. *Boyd*, 30 Minn. 319, (15 N. W. Rep. 308;) *Taylor* v. *Mueller*, 30 Minn. 343, (15 N. W. Rep. 413.)

Upon the facts found the plaintiff was entitled to judgment.

Judgment affirmed.