LUCY E. BOWE *vs.* JOHN H. HYLAND and another.

July 15, 1890.

Landlord and Tenant—Evidence.—Upon an examination of the testimony in this action, which was brought to recover the value of certain oats alleged to have been unlawfully converted by defendants, it is *held* that whether B. was the tenant, by implication, of the plaintiff, who owned the farm on which the oats were raised, was a question for the jury to pass upon.

Contract—Evidence of Usage.—Evidence of a custom or usage cannot be received to establish the making or existence of a contract. It can only have an application to a contract previously existing.

Appeal by defendants from an order of the district court for Dakota county, refusing a new trial after a trial before *Crosby*, J., and verdict of $111.77 for plaintiff.

*Stringer & Seymour*, for appellants.

*Hodgson & Schaller*, for respondent.

COLLINS, J.    This is an action to recover the value of a quantity of oats, alleged to have been wrongfully and unlawfully taken from plaintiff, and converted to defendants' use.    The defendant Hyland, who alone answered, admitted the taking, but justified, as an officer, under an execution duly issued and delivered to him for service, upon a judgment rendered in favor of his codefendant and against one E. Bowe, and upon which he had seized and sold the property.    It was further averred in the answer that the oats were the property of the debtor when levied upon.    The plaintiff had a verdict for the full value of the oats, and the appeal is from an order refusing a new trial.

1. The appellants contend that, by the uncontradicted testimony of the plaintiff and the debtor, (her son,) the only witnesses called by either party, it conclusively appeared that the relation of landlord and tenant existed between the mother, who owned the farm on which the oats were raised, and the son, who lived upon and worked the farm; the latter being a tenant, by implication, in the absence

of any agreement as to the terms and conditions of his occupancy, and therefore the real owner of all crops which grew upon the place. The case does not seem to have been tried upon that exact theory of the facts, nor was there, if we may rely upon the record, a suggestion to court or jury that no other result could follow from the testimony. Upon the trial, the position now taken by defendants as to the conclusive effect of the testimony might have been maintained, possibly to their benefit, but such a view was not clearly assumed. The defence seems to have been based on the belief that the testimony of the plaintiff and her son would undoubtedly disclose the existence of some agreement concerning the use of the farm or the ownership of the crops, which agreement would prove the son to be a tenant, and consequently the owner of a share or of all of the crops, or, upon the other hand, would establish the making of a contract in relation to the crops, fraudulent and void as to the son's creditors. In this they failed, for both parties stoutly denied the existence of any understanding or agreement whatsoever. Notwithstanding this, probably on the contention of counsel that there was and must be an agreement, the court charged the jury that it was for them to decide what agreement existed, if any; and, if there was none made, then they should determine what the implied agreement was. This left the jurors without any instruction as to what effect their determination that an agreement, express or implied, actually existed, might have upon their deliberations and the result, but of this omission the appellants cannot complain; they should have asked further instructions. This question, upon the testimony, was an open one, and was passed upon by the verdict.

2. Before appellants could be permitted to show the custom of renting farms upon shares in the locality in which this one was situated, it was incumbent upon them to show that the farm had been rented in this way. Evidence of a usage or custom cannot be received to establish the making or existence of a contract. It can only have an application to a contract previously existing. Nor did appellants' offer bring them within the rule laid down in *Janney* v. *Boyd,* 30 Minn. 319, (15 N. W. Rep. 308.)

3. As the jurors found that the judgment debtor had no interest in the oats levied upon, we need not consider appellants' third and fourth assignments of error.

Order affirmed.