STEPHEN B. LOVEJOY *vs.* ITASCA LUMBER COMPANY.

May 25, 1891.

**Surveyor General of Logs—Illegal Charge for Scaling.**—The Missis-
sippi & Rum River Boom Company turned into the private pond of the
defendant, at Minneapolis, a quantity of logs which had come down the
river, and which bore the recorded log-marks of other persons than the
defendant. The surveyor general, as he was by law required to do, sur-
veyed and scaled the logs thus delivered by the boom company, and made
a record thereof, and the boom company paid him the fees prescribed by
statute therefor. In making such survey and scaling, the officer, of his
own motion, and pursuant to long-continued usage in such cases, placed
upon the logs the scale-mark of the person to whom they were thus de-
livered,—the defendant,—and made record thereof, and afterwards de-
livered copies of such scale-bills to the defendant. *Held,* that the officer,
who had been paid for the only survey and scaling of the logs which he had
made, was not entitled to recover again from the defendant fees for the
same survey and scaling.

**Same—Usage to Make and Pay Illegal Exactions.**—The usage of offi-
cers to make illegal charges, and of the public to comply with their de-
mands, creates no right in the former, and imposes no liability on the
latter.

Appeal by defendant from a judgment (of $1,457.21) of the dis-
trict court for Hennepin county, where the action was tried by *Lochren,*
J., a jury being waived.

*James A. Kellogg,* for appellant.

*Shaw & Cray,* for respondent.

DICKINSON, J. In the years 1887 and 1888 the plaintiff was the
surveyor general for the second lumber district of this state. The
defendant, a corporation engaged in a log and lumber business at
Minneapolis, had an inclosure or "pond" in the Mississippi river, at
that place, for its own private use. Large quantities of logs came
down the river, and into the boom of the Mississippi & Rum River
Boom Company, at Minneapolis, bearing the recorded log-marks of
other persons than the defendant, but which the boom company
turned or delivered into the private pond of the defendant. There

the plaintiff, as surveyor general, without any request from the defendant, but in accordance with the custom hereinafter stated, officially surveyed, scaled, and marked the logs, making a transfer to the defendant in his records of the marks on these logs, and making a record of the whole matter in his office. Afterwards copies of the scale-bills were delivered to the defendant. In this action the plaintiff seeks to recover the reasonable and proper charge for the making of such survey, scaling, marking, and recording. A recovery was allowed upon findings of the court. This is an appeal by the defendant from the judgment.

By the provisions of Gen. St. 1878, *c.* 32, § 14, it was required that the surveyor general survey all logs turned out of the boom of the boom company, and make a record of such survey in his office, showing the number of logs, the marks on the same, and the quantity in feet of the logs of each mark. By this scaling the fees for boomage are to be determined. By the special law relating to this boom company, (Sp. Laws 1868, *c.* 120,) this survey might, at the direction of the boom company, be made after the logs had been turned into the mill-ponds at Minneapolis and St. Anthony. The only actual survey or scaling of the logs in question was that to which we have referred, and for that survey and scaling, with the making of so much of the record as was required by section 14, the boom company paid the plaintiff. The defendant contests the right of the plaintiff to recover again from it for the same survey and scaling. The plaintiff shows, in support of his demand, a custom in which the defendant is claimed to have acquiesced. It is found by the court that, for more than 30 years, it has been the general usage and custom of the surveyor general of this district "to survey and scale, in the private mill-ponds of the several persons or corporations to whom logs or timber are turned or transferred by the Mississippi & Rum River Boom Company, or at the entrance to said ponds, all logs actually turned by said boom company to said several persons, not theretofore recorded in the surveyor general's office in the name of the parties to whom they are so turned, and make a record of the quantity, and also make a record and scale of all such logs and timber as bear the mark or marks of any other person, company, or corporation to

whom the same are turned, place his stamp thereon, transfer the same upon the books and records of his office, and maintain and keep a full record, showing debit and credit account of the respective owners in respect of all logs and timber handled and transported in the Mississippi river by said boom company, * * * and that such services have been regarded during all said time and now a necessity to the proper conduct of the business * * * ." It is also found that in doing this a greater number of assistants are required, and a greater responsibility assumed, than would be necessary if only that were done which is required in making the scale for boomage. The survey and scaling of the logs, after they had been turned by the boom company into the inclosure or pond of the defendant, was undoubtedly intended to be and was a compliance with the statutory requirement prescribed in section 14,—the scaling for boomage. But while such a scaling for boomage, with the making of a record as prescribed, is required by the provisions of section 14, whether the logs turned out by the boom company bear the marks of the person to whom they are delivered or not, the plaintiff, in accordance with the custom above referred to, assumed, in addition to the duties required in making the boom scaling, to re-mark the logs, and to do all that would have been required if he had been called upon to survey, scale, and mark these logs in connection with a sale of the same, pursuant to section 15. That section provides that, "in all cases of a sale or other transfer of any logs or timber by one party to another, *if* the surveyor general by himself or deputy surveys the same, he shall, at the time of making such survey, place upon each of such logs or pieces of timber the scale-mark of the purchaser or other transferee, * * * and, in all cases of a sale or other transfer of any logs or timber, the purchaser or other transferee shall pay for the scaling thereof, and shall be entitled to receive and have the scale-bill."

We are unable to concur in the conclusion of the learned judge of the district court, to the effect that the plaintiff was entitled to the same compensation that he might have recovered if, after the making of the boom-scale, he had, at the request of the defendant, again surveyed, scaled, and marked these logs with the defendant's mark,

and made a record of the same. The statute required the survey and scaling for boomage, with a record of the same, and fixed the compensation to be paid therefor. This was paid, and for that service merely the plaintiff is not entitled to further compensation. No other survey or scaling was ever made. The statute did not require the plaintiff, unless upon the request of some person interested, to make any other. Section 15, which may be read in connection with section 11, does not impose upon the officer the duty of making another survey, scaling, and marking of logs, even in the case of a sale or other transfer, unless upon request. Even though logs are, sold and transferred to one whose log-mark is not on the property, that does not affect the validity of the transaction as between the parties. *Gaslin* v. *Bridgman*, 26 Minn. 442, (4 N. W. Rep. 1111.) Section 15 prescribes what the officer shall do in such cases "if" he surveys the logs. The *custom* of the officer to do what the law does not require him to do, and to charge and receive pay therefor, does not justify a recovery independent of a contract, express or implied, resting upon other grounds than the mere existence of such a custom. The presumption that *contracting* parties make their agreements with reference to existing general customs relating to the subject, so that such customs are to be deemed to enter into the contract unless the terms of the agreement exclude the presumption, is not to be applied with respect to non-contracting parties. A usage by a person or officer to make illegal exactions, and of others to comply with his demands, creates no right in the former, and imposes no liability on the latter. A custom cannot be allowed to control or vary the meaning of a statute expressed in language which clearly and plainly expresses the intention of the legislature. *Osborne* v. *C. N. Nelson Lumber Co.*, 33 Minn. 285, (22 N. W. Rep. 540;) *Delaplane* v. *Crenshaw*, 15 Grat. 457; *Albright* v. *County of Bedford*, 106 Pa. St. 582. While a custom may be allowed to bear upon the interpretation of a statute of doubtful import, the statute here in question needs no such extraneous aid for its interpretation.

The findings of the court are not such as to justify a recovery for the survey and scaling—previously once paid for—on the ground of implied contract. That service was not performed at the request of

the defendant, and the undisputed evidence went to show that it was even opposed to the defendant's expressed request. If whatever was done in excess of what was required. by the statute was not only done without the request of the defendant, as the court finds, but was even opposed to its express desire, as the evidence shows, there can arise no implication of a request. One cannot force his services upon another against the will of the latter, and compel compensation therefor. The custom or usage does not in such a case supply any basis for such an implication. See *Bowe* v. *Hyland*, 44 Minn. 88, (46 N. W. Rep. 142.) Nor would it make any difference that, up to the time of the services in question, the defendant had acquiesced in that usage and paid for such services, although such acquiescence might perhaps justify an inference of a request on the part of the defendant that the service be continued, if there were no proof of notification to the contrary.

We do not intimate that the plaintiff should not recover for the scale-bills furnished to the defendant. There would probably be no contest as to that.

Judgment reversed.