WILLIAM O'BRIEN v. WILLIAM F. GLASOW.

April 29, 1898.

Nos. 11,131—(49).

**Driving Logs—G. S. 1894, § 2466—Filing Lien Statement—Personal Judgment.**

The provisions of G. S. 1894, § 2466, for filing in the surveyor general's office a statement of a claim for driving the logs of another intermingled with those of the plaintiff, have reference only to the continuance and enforcement of a specific lien on the logs. The filing of such a statement is unnecessary for the purpose of maintaining an action for personal judgment against the owner.

**Same—Log Mark—Record Owner—Evidence.**

The statute gives a right of action against any person in whose name the log mark was recorded; hence evidence that the mark was recorded in the name of the defendant merely as security for the payment of money by another, who was in fact the owner, is incompetent and irrelevant.

Appeal by defendant from an order of the district court for Pine county, Williston, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $203.57. Affirmed.

*L. H. McKusick,* for appellant.

*Robt. C. Saunders,* for respondent.

MITCHELL, J.

This action was brought under G. S. 1894, § 2466, to recover compensation for driving defendant's logs, which were intermingled with those of the plaintiff, and which the latter was obliged to drive in order to drive his own. No lien on the logs is claimed, the action being merely one to obtain personal judgment against the defendant.

The principal question in the case is whether the provisions of the statute for filing a statement of the claim in the office of the surveyor general of the district within 30 days after the completion of the drive is a condition precedent to the maintenance of an action for personal judgment against the owner of the logs, or only a condition to the right of lien on the logs. The language of the statute is that any person compelled to drive the logs of another intermingled with his own

"Shall be entitled to a reasonable compensation therefor from the owner of such logs or timber; and upon the filing in the office of the surveyor general * * * within thirty days after the completion of such driving of any such logs or timber, a statement, * * * such person shall have and retain a lien upon any logs or timber bearing such mark, for the amount of such claim, * * * and may have and maintain a civil action for the amount of such claim, or for the enforcement of such lien, against the owner of such logs or timber, or any person in whose name such mark shall be recorded at the time of filing such claims; provided that a failure to commence such action within thirty days after the filing of such claim shall operate as a discharge of said lien."

The order and connection of the different clauses are such as, according to a literal and strictly grammatical construction, to give force to the contention that the filing of a statement of the claim is a condition of a right of personal action against the owner of the logs, as well as of the right of lien upon the property. But, in view of the usual purpose and office of filing a statement of a claim in analogous cases, we should naturally assume that the provision on that subject in this statute would be made to apply only to the right of lien; and such an interpretation of it is at least fairly permissible. The legislature evidently intended to give two remedies, viz. a personal action against the owner, or a right to enforce a lien on the logs, but bunglingly intermingled the provisions relating to the one with those relating to the other.

It is a familiar canon of construction that common sense and manifest legislative intent should prevail over strict grammatical rules; and, to attain this result, it is sometimes permissible to transpose words or even clauses found in a statute. But a controlling consideration is usage, or the construction which custom or practice has put on this statute. Sedgwick, St. & Const. Law, 215. It has been in force over 32 years (Laws 1866, c. 35); and we are satisfied that the general, if not universal, construction placed upon it both by those engaged in driving logs and by the bar of the state has been that the provision as to filing a statement of the claim has reference only to the continuance and enforcement of a lien. In none of the cases under this statute which have come to this court where the plaintiff brought merely a personal action against the owner of the logs was there any reference in the pleadings, evidence or briefs to the filing of a statement. See Anderson v. Maloy, 32 Minn. 76, 19 N. W. 387; Osborne v. Nelson Lumber Co., 33 Minn. 285, 22 N. W. 540; Merriman v. Bowen, 33 Minn. 455, 23 N. W. 843; Walker v. Bean, 34 Minn, 427, 26 N. W. 232; Beard v. Clarke, 35 Minn. 324, 29 N. W. 142. The only cases where any reference was made to the filing of such a statement were those in which a specific lien upon the logs was sought to be enforced. Chesley v De Graff, 35 Minn. 415, 29 N. W. 167; Miller v. Chatterton, 46 Minn. 338, 48 N. W. 1109.

The evidence referred to in the second assignment of error was

properly excluded, for the reason, if for no other, that it was not proper cross-examination. The defendant offered to prove that the log mark of the logs was recorded in his name for the purpose of securing the payment of supplies furnished by him to one Goodwin, who was in fact the owner of the logs. This evidence was properly excluded as incompetent and irrelevant. The statute gives a right of action against the owner or any person in whose name such mark shall be recorded, etc. This view is enforced by the provisions of G. S. 1894, §§ 2405, 2408, 2413, relative to recording log marks, and the transfer of such marks, and the effect thereof. There is nothing in the claim that the plaintiff was estopped by his laches from maintaining this action.

Order affirmed.