GEORGE G. BROWN and Another v. T. F. LALLY.

January 31, 1900.

Nos. 11,927—(209).

### Agent to Sell Goods not Authorized to Receive Payment.

A traveling salesman has not, as agent for his principal, in the absence of custom or usage, authority to collect for the goods previously sold by him. Janney v. Boyd, 30 Minn. 319, followed.

### Findings Sustained by Evidence.

Evidence considered, and *held* to support the findings of the trial court.

Action in the municipal court of Minneapolis to recover $134.75 and interest for goods sold and delivered. The case was tried before Kerr, J., who found in favor of plaintiffs for the amount demanded; and from an order denying a motion for a new trial, defendant appealed. Affirmed.

*George H. Fletcher,* for appellant.

*John E. Tappan* and *Henry M. Farnam,* for respondents.

LOVELY, J.

This action was brought in the municipal court of the city of Minneapolis to recover for a bill of liquors. Defendant paid $100 on account to plaintiffs' traveling salesman who sold him the goods, some time after the sale, and took a receipt therefor signed by such agent. The simple question on this appeal is whether that sum so paid to the salesman should be applied on the debt of the purchaser of the liquors. It has been held by this court that,

"Independent of controlling usage to the contrary, the sale of goods by an agent, or the fact that he is or acts as agent to take orders for goods, does not of itself authorize him to receive payment therefor." Janney v. Boyd, 30 Minn. 319, 15 N. W. 308.

This principle was recognized on the trial, and defendant attempted to prove a custom authorizing salesmen to collect such

debts previously due their principals. Some evidence was also offered by plaintiffs to.show that notice had been, by letter and in statements on invoices, sent to the defendant that salesmen were not permitted to collect bills for goods sold. The trial court found for the plaintiffs generally, and there was evidence reasonably tending to establish such finding.

Therefore the order of the trial court overruling defendant's motion for a new trial is affirmed.