WOOD, Administrator, *v.* HUBBARD.

[In Chancery.]

*Mortgage.    Subrogation.*

H. was first mortgagee, and after his death, his executor brought petition to foreclose, making W. and K., second mortgagees, parties defendant, and procured a decree that unless the mortgagor paid the decree by April 1st, and in default thereof, W. and K. by April 21st, their several equities should be foreclosed. On April 11th, W. paid the decree to the clerk, the mortgagor having made default therein, and the clerk gave him a certificate of such payment. To a bill by W's administrator against the mortgagor setting forth the foregoing facts, and praying for foreclosure of the first mortgage, the defendant interposed a motion to dismiss, alleging that at the time W. made such payment, he had a petition pending for the foreclosure of the second mortgage, in which proceedings W's claim on account of such payment became merged.    Defendant also pleaded to the same effect.    The court treated the motion as waived by the plea, and entered a decree of foreclosure. *Held*, that as W. paid, not as a volunteer, but under an order of court, he was subrogated to the rights of H., and that the motion was properly overruled, and the decree without error.

APPEAL from the Court of Chancery.    The bill alleged that the orator was the administrator of Abel Wood, who died in July, 1876 ; that at the term of the Washington County Court of Chancery, held at Montpelier, on the second Tuesday of March, 1875, H. W. Heaton, executor of W. B. Hubbard, obtained a decree of foreclosure, dated April 1, 1875, and duly signed and recorded,

against the defendant, Ashley Hubbard, and the intestate, who was then in life, and Liberty T. Kinney, upon certain premises in Montpelier, wherein it was decreed that unless this defendant paid the sum of $629.89, with interest thereon, to the clerk of said court, for the benefit of said executor, on or before April 1, 1876, he should be barred of all equity of redemption in the premises, and that unless said Wood and Kinney paid said sum on or before April 21, they should be foreclosed and barred as aforesaid; that this defendant did not pay said sum, and that on April 11, 1876, said Wood paid the same, whereupon the mortgage and decree were transferred to him; that this defendant has never paid said money, nor any part thereof, and has refused so to do, but has always continued in possession of said premises, or a part thereof, and refused to vacate.   Prayer for foreclosure in common form.

The defendant moved to dismiss, for that the intestate, having a pretended second mortgage on the premises, brought his petition to foreclose the same at the March Term, 1875, which was pending at the time he made the payment alleged in the bill, whereby the first and second mortgages became merged, so that this suit could not be maintained.   The defendant also pleaded, that on the 10th of May, 1869, he bought the premises in question of said W. B. Hubbard, and gave the said Hubbard his note, signed by himself and said Kinney, for the sum of $1200, and secured the same by a mortgage on the premises; that prior to the March Term of the Court of Chancery in Washington County, the said Hubbard died, and said Heaton was appointed his executor; that said Abel Wood claimed to have a second mortgage on said premises to secure him for signing notes with the defendant, and also claimed to hold said mortgage for the benefit of said Kinney; that prior to the March Term aforesaid, the said Heaton, executor as aforesaid, commenced his petition to foreclose the Hubbard mortgage, and made the said Wood and Kinney defendants by reason of their pretended subsequent mortgage, which petition was duly served on all the defendants, and entered in court at the March Term aforesaid, when such proceedings were had that said Heaton obtained a decree, dated April 1, 1875, that there was then due the petitioner on said mortgage the sum of $604.44, and costs,

taxed at $25.45, and that the said Hubbard pay said sums, with interest thereon, on or before the first day of April, 1876, or be foreclosed, and that unless the said Wood and Kinney pay the same on or before the 21st of said April, they be foreclosed; that prior to the said March Term aforesaid, to wit, on the 23d of February 1875, the said Abel Wood brought his petition to foreclose his pretended mortgage on said premises, claiming that he had paid out about $4000 for the defendant, which petition was duly served on the defendant and entered in court at the March Term, 1875, when the defendant appeared and answered, denying that said Wood, then in life, had ever paid anything for the defendant, and that said cause was still pending; that the defendant did not pay said decree, as he understood and believed that after the decree became perfect, said Heaton would deed the same to the person that the defendant should select, on receipt of his money and interest; that on the 11th of April, 1876, said Wood, then in life, paid to the clerk of the court for the benefit of said Heaton, the amount of said decree, and that the clerk then and there gave to said Wood a certificate in full discharge of said mortgage, according to the statute; that said Wood made said payment to the clerk solely to protect his rights under his subsequent mortgage, and for no other cause; whereby the mortgage given by the defendant to said Hubbard became discharged, and the money paid as aforesaid by said Wood, merged in the pretended mortgage of said Wood, and should be recovered, if at all, in taking the account on the second mortgage.

The case was heard on bill, motion, plea, and replication, at the September Term, 1876, when the court, REDFIELD, Chancellor, treating the motion as waived by the plea, entered a *pro forma* decree of foreclosure for the sum named in the bill. Appeal by the defendant.

*J. A. Wing*, for the defendant.

The bill sets forth no cause of action. It sets forth no excuse nor reason for the payment by Wood. He appears to have been a volunteer; therefore the motion must prevail, unless waived by the plea.

But is the filing of the plea a waiver? We insist not. It is clear the orator has no right to a decree, unless it is on the facts set forth in the defendant's plea.

Do the facts set forth in the plea authorize a decree for orator? We insist not. The plea does not admit that the orator had a valid mortgage on the same property, but that they pretended to have a mortgage on the premises, and that they paid the money and the clerk gave said Wood a certificate in full discharge of said mortgage according to the statute. Gen. Sts. c. 40, s. 10.

The payment discharged the mortgage, and the money paid became a part of Wood's pretended mortgage. *Payne* v. *Hathaway*, 3 Vt. 212.

*Gleason & Field*, for the orator.

The orator's title and equitable interest in the premises, and the necessity of his redeeming are apparent from the bill. But if not, the defect is cured by the plea, which admits that Wood had a mortgage on the premises, and made said payment to protect his rights under his subsequent mortgage.

Wood had a right to redeem, and, by paying the decree, he became invested with the rights of Heaton, and an assignee in equity of the mortgage. The payment of the decree after it had become absolute as to Hubbard did not operate to extinguish the mortgage lien. The decree was thereby opened, but the mortgage still subsisted, and Wood's payment became a lien upon the real estate. *Payne* v. *Hathaway*, 3 Vt. 212; *Downer* v. *Fox*, 20 Vt. 388; *Hubbard* v. *Ascutney Mill Dam Co.*, 20 Vt. 402.

Wood having redeemed, became substituted in equity in the place of Heaton, and is entitled to hold the premises, as under the mortgage, until Hubbard reimburses him. And that burden upon the premises is independent of the burden created by the second mortgage.

The opinion of the court was delivered by

ROYCE, J. The bill alleges that H. W. Heaton, as executor of W. B. Hubbard, at the Court of Chancery, held at Montpelier, on the second Tuesday of March, 1875, obtained a decree of foreclosure against the defendant and said Abel Wood and L. T. Kinney, of certain premises in Montpelier, by which it was ordered

and decreed that unless the defendant Hubbard should pay to the clerk of the court for the benefit of the said Heaton the sum of $629.89, with interest, on or before the 1st day of April, 1876, he should be barred of his equity of redemption. And that unless the said Wood and Kinney should pay said sum on or before the 21st day of April, 1876, their equity of redemption should be foreclosed and barred ; that the defendant Hubbard did not pay the same, and that the said Wood paid the same on the 11th day of April, 1876 ; and prays that the equity of redemption of the defendant in the premises be foreclosed. It appears by the decree in the case of Heaton against Hubbard, Wood and Kinney, which is referred to in the bill, that Wood held a mortgage of the premises foreclosed in that suit, executed subsequent to the mortgage from the defendant to W. B. Hubbard, which was the reason of making Wood a party defendant in that proceeding. The plea admits the payment of the money by Wood as alleged in the bill, and alleges that prior to the obtaining of said decree, Wood had commenced proceedings to foreclose his mortgage against the defendant, which was still pending, and claims that the payment so made by Wood was to protect his rights under his mortgage, and that the legal effect of the payment was to discharge the mortgage upon which the decree was obtained, and that the claim of Wood on account of said payment, became merged in his mortgage, and must be recovered, if at all, in his proceedings instituted to foreclose that mortgage. Wood did not pay the money as a volunteer, but paid it under the order of the court, to protect his equitable interest in the premises; and when money is so paid, we understand that the party paying it is subrogated to all the rights and equitable liens of the party for whose benefit, or to whom, it is paid. Heaton was entitled to the money ordered to be paid by the decree or to the premises therein described, and Wood having paid the money, his estate is entitled to its repayment or the property described in the decree. Neither is this claim merged in Wood's mortgage. It does not grow out of the claims his mortgage was given to secure, and is wholly independent thereof.

The motion to dismiss was properly overruled, and the decree of the Chancellor is affirmed, and cause remanded.