FREDERICK C. TALBOYS and another *vs.* ORISON S. BOSTON and another.

May 9, 1891.

**Agent to Solicit Orders — Unauthorized Agreement as to Set-Off.—** An agent authorized to solicit orders for goods to be sold by his principal has no implied authority to bind his principal by an agreement that the price shall be set off against a debt which the agent owes to the purchaser.

**Same—Delivery of Goods Ordered—Effect of Acceptance.—**After such an agreement with an agent, who had no possession of the goods, nor any *indicia* of ownership, the principal delivered the goods to the purchaser, who then learned who was the real seller, and hence became chargeable with notice that the person who had taken the order was only an agent. *Held*, that by accepting the goods the purchaser became liable to pay for them, notwithstanding the unauthorized agreement with the agent.

Action brought in justice's court in Ramsey county, to recover $33 for coal sold and delivered. Defendants had judgment, and plaintiffs appealed, on questions of law and fact, to the municipal court of St. Paul, where the action was tried by the court without a jury, and the plaintiffs had judgment for $35.12 damages and $25.45 costs,—in all $60.57, from which judgment the defendants appeal.

*B. F. Latta,* for appellants.

*Dodd & Bowman,* for respondents.

DICKINSON, J. The following is a brief statement of the facts as found by the court: The plaintiffs, being engaged in the business of selling coal and wood, employed one Cutts as their agent to solicit orders for fuel on commission. He secured an order from the defendants for four tons of coal, with the agreement that the price should be applied on an indebtedness of Cutts to the defendants. The defendants did not then know of Cutts's agency, but supposed that he was dealing on his own account. The plaintiffs had no knowledge of the agreement made by Cutts as to the manner of payment. Subsequently the plaintiffs delivered the coal. The defendants were notified at the time of the delivery that the coal was the

property of the plaintiffs. This action is for the recovery of the price of the coal so delivered. The findings of the court are sustained by the evidence, and the conclusion that the plaintiffs were entitled to recover was right. Cutts's authority as agent to solicit orders for coal did not empower him to receive payment. *Janney* v. *Boyd,* 30 Minn. 319, (15 N. W. Rep. 308.) *A fortiori,* it did not enable him to bind his principals by an agreement that the price of the property should be applied on his indebtedness to the defendants. This would be, on its face, an appropriation of the property of the principals to the use of the agent, which could only be justified by the specific assent or authority of the principals. That is not to be inferred from the fact of the agency. *Wood* v. *Hubbard,* 50 Vt. 82; *Holton* v. *Smith,* 7 N. H. 446.

This case is to be distinguished from those where an agent is invested with the possession and an appearance of ownership, by reason of which the rights of the principal may be affected by other considerations than the legal authority conferred upon the agent. *Bernshouse* v. *Abbott,* 45 N. J. Law, 531. The sale was not complete when the defendants gave Cutts an order for the coal. A future delivery was contemplated; and when the plaintiffs made the delivery the defendants knew that they, and not Cutts, were the parties really selling the coal. It was to be inferred that Cutts had acted only as an agent, and the defendants must be deemed to have known that as a mere agent without particular authority he had no power to make this peculiar stipulation as to the manner of payment. At that time, at least, it became incumbent upon them to make inquiry, and they are chargeable with notice of the facts which inquiry would have disclosed; that is, that Cutts was a mere agent, and unauthorized to make such an agreement. In fact, no sale had then been made. The coal was still the property of the plaintiffs. They were under no obligation to deliver it to the defendants under conditions which did not contemplate the payment of the price to them. By accepting the coal delivered by the plaintiffs as vendors the defendants became bound to pay for it, notwithstanding the unauthorized agreement with Cutts as to the manner of payment. *Pratt* v. *Willey;*

2 Car. & P. 350; *Wright* v. *Cabot*, 89 N. Y. 570; *Kornemann* v. *Monaghan*, 24 Mich. 36.

The plaintiffs are not to be regarded as having ratified the unauthorized agreement of the agent, of which they had no knowledge or notice, but which the defendants must be deemed to have known was not binding upon the plaintiffs.

There is nothing worthy of particular mention in the points made on the rulings of the court at the trial.

Judgment affirmed.