# STATE v. NATIONAL CASH REGISTER COMPANY.[1]

## February 26, 1917.

## Nos. 20,183—(272).

**Taxation — credits of foreign corporation.**

Defendant was a foreign corporation which exhibited sample machines and solicited orders and made repairs. All orders were sent to Dayton, Ohio, and were there accepted or rejected. If accepted, machines were shipped thence direct to the purchaser, and all payments and contracts were sent to Dayton. The original contracts were kept there and copies were mailed to the proper officers in Minnesota for filing. In a proceeding to collect a tax upon the credits represented by these contracts, *held*:

Within former decisions that credits owned by a nonresident are not taxable in Minnesota unless the owner has conducted his business so as to give them a business situs in the state, defendant was not liable. [Reporter.]

In proceedings in the district court for Ramsey county to enforce payment of personal property taxes remaining delinquent March 1, 1915, defendant made answer to the citation, alleging that defendant did not do business in Minnesota. The matter was heard before Hanft, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings or for a new trial was denied. From the order denying the motion, plaintiff appealed. Affirmed.

*Richard D. O'Brien* and *Patrick J. Ryan*, for appellant.
*William W. Fry*, for respondent.

PER CURIAM.

Defendant, an Ohio corporation doing business at Dayton in that state, manufactures and sells cash registers. It sold a number of these machines in St. Paul, in this state, under contracts which reserved a lien upon the machine for the unpaid part of the purchase price, and filed copies of these contracts with the city clerk of the city of St. Paul, as required by the recording acts.

The sole question presented is whether the credits of the company represented by these contracts are taxable in this state.

It is settled by former decisions that credits owned by a nonresident are not taxable in this state unless the owner has so conducted his business as to give

[1]Reported in 161 N. W. 1054.

them a business situs in this state. In re Jefferson, 35 Minn. 215, 28 N. W. 256; State v. Scottish-American Mortgage Co. 76 Minn. 155, 78 N. W. 962, 1117. The facts are undisputed, and show that defendant had not given these credits a situs in Minnesota within the doctrine of the decisions cited, and that defendant's business in Minnesota was confined to interstate commerce transactions as distinguished from domestic transactions within the rules announced and explained in Victor Talking Machine Co. v. Lucker, 128 Minn. 171, 150 N. W. 790.

The company employed sales agents in Minnesota who exhibited sample machines, solicited orders and made repairs. These agents had no authority to make any contract of any nature binding upon the company. All orders were sent to the company at Dayton and were there accepted or rejected as the company saw fit. If accepted the machines were shipped from Dayton direct to the purchaser, and all payments and contracts were transmitted to the company at Dayton.

The company retained the original contracts at Dayton; made copies of them and mailed such copies to the proper officers for filing, as required by the recording acts; and made the collections upon the contracts from its Dayton office. None of the amounts collected were kept or used in Minnesota. The foregoing is by no means a complete statement of the facts, which are set forth in the record with much detail and would cover several pages, but is sufficient to indicate that these credits do not represent funds kept for use or investment in Minnesota, but the price to be paid for goods sold in interstate commerce, and are not taxable under the rule enunciated in the cases cited.

Order affirmed.