# OUTCAULT ADVERTISING COMPANY v. CITIZENS STATE BANK OF ROSEAU.[1]

December 31, 1920.

No. 21,985.

**Commerce — foreign corporation not violating statute.**

Plaintiff, an Illinois corporation, furnishing and shipping from its place of business in that state, certain advertising type, cuts and other display matter to the defendant at its place of business in Minnesota for use in advertising its business, under a written lease executed at the latter place, is engaged in interstate commerce and was not doing business within this state in violation of the foreign corporation statute, sections 6206 and 6207.

Action in the district court for Roseau county to recover $564.60 upon a written contract. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. From an order, Watts, J., overruling the demurrer, defendant appealed. Affirmed.

*M. J. Hegland* and *Tawney, Smith & Tawney,* for appenllant.

*W. E. Rowe* and *R. J. Bell,* for respondent.

QUINN, J.

Appeal by defendant from an order overruling a demurrer to the amended complaint, upon the ground that it does not state facts sufficient to constitute a cause of action.

It appears from the pleading that plaintiff is an Illinois corporation engaged in the preparation and furnishing of advertising matter for banks and other business concerns for hire, and that it has never complied with any of the laws of this state, relative to the right of foreign corporations to transact business in Minnesota. That the defendant is a banking institution organized under the laws of Minnesota, and doing a general banking business at the village of Roseau, in this state. It is further alleged that in April, 1916, plaintiff and defendant made

[1]Reported in 180 N. W. 705.

and entered into a written contract, at Roseau, wherein and whereby the plaintiff agreed and undertook to furnish unto the defendant, advertising matter and supplies for use by the defendant in advertising its banking business at Roseau, from June 1, 1916, and to continue the same for a period of two years, and for the further period of three years, unless the defendant notified it to the contrary, in writing, on or before February 1, 1918, which contract is as follows:

"To Outcault Advertising Co.,            Order No.——
    508 S. Dearborn St., Chicago, Ill.       Date Apr. 1916.

Ship us, at our expense, your Bank 'Ad.' Service which covers a period of two years, beginning June 1, 1916. This service consists of:

52 cuts for each year.

52 Ads. for cuts for each year (Printer's Copy).

52 Ads. Desk Set for each year.

1 Box of Type for each year.

All Picture Slides for each year.   24 cards.

One (1) Signature Plate.

250 Christmas Banking Club Outfit for each year.

We agree to pay you $3.60 per week for TWO YEARS; payable net cash, as follows: One-half of each yearly amount in twelve (12) monthly payments, commencing with the beginning date of service and the other one-half to be paid on January 1st each year following date of this contract.

This contract to continue in full force and effect for a further period of three (3) successive years on the same conditions unless we notify you to the contrary, in writing, on or before Feb. 1st, 1918.

And unless so notified you are hereby instructed to proceed each year to prepare and ship us your 'Ad.' service.

We to have exclusive right to use the above Bank "Ad." Service in our City only, and to hold type, cuts and other display matter subject to your order when this contract expires.

Failure to pay any instalments when due renders full amount of this contract due.

The extension of this contract when entered upon cannot be terminated.

Style of Bank.   Fill in 'Yes' or 'No.'

National Bank......No.......
State Bank ......Yes......
Trust Company ......No. ......
Private Bank ...... No. ......
Have you a Savings Dept.?...... Yes......%
Have you Safety Deposit Vaults?...... Yes ......
Interest on Savings Acc't?
State Rate Paid ...... 5 per cent......

CITIZENS STATE BANK
By....T. B. Holdahl, Cash.....
Town ........Roseau ........
State ......... Minn. ........
..H. B. Raley......Salesman."

It is further alleged that, pursuant to such contract, the plaintiff furnished from its place of business in the state of Illinois, unto the defendant at Roseau, Minnesota, the advertising matter and service during the first two years mentioned in the contract, for which the defendant paid to it the contract price; that thereafter the plaintiff continued to furnish the same in the manner provided in the contract; that the defendant did not notify the plaintiff not to proceed with the service mentioned in the contract for the period of time subsequent to the first two years; that plaintiff in all things carried out and performed the terms and conditions of said contract by it to be carried out and performed, and that the defendant accepted said advertising matter and service for the first two years of said contract, but failed and neglected to pay for any of the same subsequent to the first day of June, 1918; that in April, 1919, the defendant repudiated said contract and wrongfully claimed that the same had not been continued in force for any period subsequent to June 1, 1918, and thereupon wrongfully and unlawfully refused to carry out any of the terms and conditions thereof by it to be done and performed in this, that it failed and refused to pay the plaintiff for said advertising matter and service subsequent to June 1, 1918, and claimed that said con-

tract had been canceled and terminated. It is further alleged that, in reliance upon said contract and the continuing thereof for the period of three years subsequent to June 1, 1918, the plaintiff made preparations for carrying out and performing the same for such period, and purchased and contracted for material and supplies therefor and for services in preparing said advertising matter for delivery to the defendant, and that by reason of the wrongful acts of the defendant the plaintiff has been damaged in the sum of $564.60, no part of which has been paid.

The contract is one for the use of the advertising matter mentioned, rather than for the purchase and sale thereof. The service and use were to be rendered at the village of Roseau, in this state. The service was the sole consideration for the promise to pay the amount expressed in the contract. It is claimed that the matter to be furnished was the use or service of the materials mentioned. Such materials so furnished were, after being used as contemplated, to be held by the defendant subject to the order of the plaintiff.

It does not appear that the plaintiff maintained any office or place of business in this state, or that it ever undertook to transact business through the medium of a local agency. The sole question raised by the demurrer is, whether the contract provision by which the plaintiff retained title to the type, cuts and other display matter, removed the transaction from the realm of interstate commerce into the field of intrastate business. In this regard confusion often arises out of the thought that transactions, involving the sale of commodities regarded as commercial affairs, are the only subjects of interstate commerce. In this we should not overlook the fundamental principles laid down by the Federal courts, which control with reference to interstate traffic.

It is not contended by appellant but that, if the contract was for the sale rather than for the service or use of the material contracted for, the contract would be one of interstate commerce. As we read the contract it is clearly one of service or hire. The case of United States v. United Shoe Machinery Co. 264 Fed. 138, is in point. It is there held that, where one of the defendants was engaged in leasing shoemaking machinery to manufacturers in various states on orders obtained by its local representative and sent to its home office in Massachusetts, and

the machines were shipped from Massachusetts, consigned by defendant to itself, and set up and installed in the lessee's factory by its agents, it was engaged in interstate commerce with respect to machines shipped to points outside of Massachusetts, though the leases were not executed until after the machines were set up. Butler Bros. Shoe Co. v. United States Rubber Co. 156 Fed. 1 to 17, 84 C. C. A. 167, 183; Vulcan Steam Shovel Co. v. Flanders, 205 Fed. 102; Weber v. Freed, 224 Fed. 355, 140 C. C. A. 41; Mergenthaler Linotype Co. v. Hays (Mo.) 181 S. W. 1183; Bogata Mercantile Co. v. Outcault Advertising Co. (Tex. Civ. App.) 184 S. W. 333.

It follows that the transaction under consideration was interstate business. This court has uniformly held that the foreign corporation statute (sections 6206, 6207, G. S. 1913), has no application to transactions in interstate commerce. Rock Island Plow Co. v. Peterson, 93 Minn. 356, 101 N. W. 616; Victor Talking Machine Co. v. Lucker, 128 Minn. 171, 150 N. W. 790. The demurrer was properly overruled.

Affirmed.