# DEFENDER AUTO-LOCK COMPANY v. W. H. SCHMELZEL COMPANY.[1]

December 7, 1923.

No. 23,663.

**Action of trial court sustained.**

1.  Evidence examined and found to sustain the trial court: (1) In refusing to dismiss at the close of plaintiff's case; (2) In holding the transaction involved was interstate commerce; and (3) In directing a verdict for plaintiff.

**Buyer may set off demand against agent of undisclosed principal.**

2.  Where A puts chattels into the possession of B as his agent with authority to sell in his own name, without disclosing the name of his principal, and the agent sells to one who knows nothing of any principal, but honestly believes that the agent is selling on his own account, the purchaser may set off any demand he has on the agent against the demand made by the principal.

**Buyer chargeable with knowledge he might have obtained.**

3.  Agent sold his principal's goods and agreed to accept credit therefor on his personal indebtedness to the purchaser. Evidence examined and *held* that purchaser had knowledge sufficient to put him upon inquiry and hence is chargeable with the knowledge that he would have obtained had he made inquiry.

**Burden of proving agent's authority on buyer.**

4.  Burden is upon purchaser to prove the agent's authority to make the contract.

Action in the district court for Ramsey county to recover $1,100, the agreed price of goods sold and delivered. The substance of the answer is given in the second paragraph of the opinion. The case was tried before Sanborn, J., who at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict. From an order denying its motion for judgment notwithstanding the verdict in favor of plaintiff for $1,254 or for a new trial, defendant appealed. Affirmed.

*Moore, Oppenheimer, Peterson & Dickson* and *Gilbert E. Harris,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

[1]Reported in 196 N. W. 263.

WILSON, C. J.

Plaintiff is a foreign corporation with its principal office in the state of Michigan. It brought this action claiming that on or about September 25, 1920, it sold to the defendant goods, wares and merchandise, consisting of automobile shock absorbers at the agreed price of $2,100 upon which $1,000 had been paid, leaving a balance of $1,100 unpaid.

The defendant interposed an answer containing a general denial, and then alleged that the plaintiff was a foreign corporation and that the contract, if made at all, was made in the state of Minnesota, and that the plaintiff had not complied with the laws of the state of Minnesota prescribing conditions precedent to a foreign corporation doing business in this state. Upon the trial, plaintiff admitted that it had not complied with this statutory requirement and contended, as it did in its reply, that the business involved was interstate commerce and hence was not affected by the statute.

The plaintiff being a manufacturer of automobile shock absorbers employed an agent in the state of Minnesota. This agent sold the plaintiff's goods over a territory including at least four states. This agent also owned an automobile accessories store in Minneapolis in which he handled, on his own account, goods which he bought from the plaintiff. The defendant was engaged in selling automobile accessories in St. Paul, and it consigned to the agent accessories aggregating in value from $5,000 to $6,000. While these accessories of the defendant were in the possession of plaintiff's agent, personally, by virtue of such consignment, the agent solicited the defendant to purchase 200 sets of automobile shock absorbers manufactured by the plaintiff, at the agreed price of $2,100 and the defendant gave such order.

Prior to the giving of this order, the defendant had given this agent other orders for shock absorbers which had been shipped to the defendant by the plaintiff, from its factory in the state of Michigan, and for which defendant made payment direct to plaintiff.

In connection with the instant order, the agent agreed with defendant that these absorbers would be delivered and that he would receive credit from the defendant for the $2,100 to apply upon the

purchase price of the accessories so consigned to him by the defendant. The agent then, while at the office of the plaintiff at Allegan, Michigan, turned in the order from the defendant to the plaintiff and gave his personal check to the plaintiff for $1,000 to apply upon the $2,100. The agent did not disclose to the plaintiff the arrangement which he had made with the defendant, involving his personal matters with this order, although his employer rebuked him for having collected $1,000 without having a check made payable to the plaintiff. The plaintiff then shipped the 200 sets of shock absorbers direct to the defendant at St. Paul, and it received them and thereafter sold and disposed of them in its business. Defendant claims that it never bought these absorbers from the plaintiff but bought them from the agent, personally.

At the close of the trial a verdict was directed for the plaintiff. Thereafter the defendant moved for judgment notwithstanding the verdict or for a new trial, and from an order denying its motion the defendant has appealed.

The appellant now makes three principal assignments of error that require our attention:

(1) The assignment of error based upon refusal of the trial court to dismiss the action at the close of plaintiff's case because of the failure of the proof to establish privity of contract, has been examined and found without merit.

(2) The respondent did not comply with the requirements of our statute relating to foreign corporations. Sections 6206, 6207 and 6208. It claims, however, that the business involved is interstate commerce, and therefore does not come within the statute. It claims that the facts involved do not constitute "doing business" in the state of Minnesota.

Clearly, the facts in this case show that respondent's business, conducted as disclosed by the record, was interstate commerce within the decisions of this court. Victor Talking Mach. Co. v. Lucker, 128 Minn. 171, 150 N. W. 790; Fisher v. Wellworth Mills Co. 133 Minn. 240, 158 N. W. 239; State v. National Cash Register Co. 136 Minn. 460, 161 N. W. 1054; American B. & T. Co. v. Turnell, 143 Minn. 96, 173 N. W. 175; Outcault Adv. Co. v. Citizens State Bank,

147 Minn. 449, 180 N. W. 705. It is not important whether this contract was made in Minnesota or Michigan. What we are interested in, are the acts which were done pursuant to it. The trial court was right in permitting the respondent to maintain this action since it had not offended against the statute.

Our conclusion in this respect is supported by Butler Bros. Shoe Co. v. U. S. Rubber Co. 156 Fed. 1, 84 C. C. A. 167; International Textbook Co. v. Pigg, 217 U. S. 91, 30 Sup. Ct. 481, 54 L. ed. 678, 27 L. R. A. (N. S.) 493, 18 Ann. Cas. 1103.

(3) Appellant attacks respondent's right to a directed verdict. This involves the real merit of this controversy. This goes to the question as to whether or not the agent paid for accessories, which he bought from appellant with the property of respondent.

The appellant knew that the agent represented respondent. It had previously bought absorbers from respondent through this agent and had paid respondent for them. It must have had some reason to suspect that the absorbers involved in this case were not paid for at the time it claims the agent agreed to let them apply upon the cost of the $5,000 worth of accessories in the agent's possession. The fact that appellant had so much property in the personal possession of this agent on consignment is a circumstance worthy of serious consideration in analyzing this transaction. The absorbers herein involved were shipped direct to appellant. It accepted them. It must have known when it ordered them that they were not in the agent's possession, but had to be shipped from respondent.

Appellant had sufficient information to put it upon inquiry as to the ownership of these shock absorbers, and, if it had made that inquiry, it would have learned that the agent was not the owner.

If respondent had put these absorbers into the possession of its agent with authority to sell in his own name, without disclosing the name of his principal, and the agent had sold in his own name to one who knew nothing of any principal, but honestly believed that the agent was selling on his own account, he could set off any demand he had on the agent against the demand made by the principal. But such is not the case before us. The rule stated rests upon the doctrine of equitable estoppel. It involves two inno-

cent persons, one of whom must suffer from a fraud of a third person; and the loss should fall upon the one whose act or negligence has aided the third person to commit the fraud.

The trial court in a memorandum quoting in part from Baxter v. Sherman, 73 Minn. 434, 438, 76 N. W. 211, 72 Am. St. 631, said this:

"Hence, where an agent sells in his own name for an undisclosed principal, and the principal sues the buyer for the price, the buyer cannot set off a debt due from the agent, unless in making the purchase he was induced by the conduct of the principal to believe, and did in fact believe, that the agent was selling on his own account. The rule of George v. Claggett (that if an owner of goods intrusts them to an agent with authority to sell in his own name, without disclosing the name of the principal, and the agent sells in his own name to one who knows nothing of the principal, but honestly believes that the agent is selling on his own account, he may set off any demand he may have on the agent against the demand for the goods made by the principal. This set-off need not exist at the time of the sale. It is sufficient if it arises before notice of the real ownership of the goods) does not obtain where the purchaser knows the agent is not the owner of the goods," or when circumstances are brought to his knowledge which ought to have put him upon inquiry and by investigating which he would have ascertained that the agent was not the owner.

Appellant must have known that this agent, without particular authority, had no power to make this peculiar stipulation as to the manner of payment. At that time it became its duty to make inquiry, and it is chargeable with notice of the facts, which inquiry would have disclosed, to-wit, that this agent had no right to trade respondent's property for accessories or to make such an agreement as claimed. In fact the property was then still in respondent's possession. The sale thereof was not consummated until delivery. It was respondent's property, and respondent was under no obligation to deliver to appellant under conditions which did not contemplate the payment of the purchase price to it. By accepting the absorbers, it became bound to pay for them notwithstanding the unauthorized agreement with the agent as to the manner of payments.

The burden is upon appellant to prove that the agent had authority to make the alleged contract. It has totally failed in doing this.

Appellant had every reason to know that it was just as probable that the agent was acting as such, as that he was dealing in his own property. This fact was sufficient to put appellant on inquiry. It did not make inquiry and avail itself of the information obtainable. Under the circumstances, appellant can have no right, as against the demands of the respondent, to insist on a setoff, or upon the attempted application of the purchase price on its claim against the agent. Baxter v. Sherman, 73 Minn. 434, 76 N. W. 211, 72 Am. St. 631; Stewart v. Cowles, 67 Minn. 184, 69 N. W. 694; Talboys v. Boston, 46 Minn. 144, 48 N. W. 688; Gerard v. McCormick, 14 L. R. A. 234, note; Pratt v. Willey, 2 Car. & P. 350.

It follows that the trial court was right in directing a verdict for respondent.

Order affirmed.