## ASSOCIATION OF ARMY & NAVY STORES, INC. v. W. H. BRUEN & COMPANY.[1]

March 7, 1930.

No. 27,675.

*F. H. DeGroat,* for appellant.
*Courtney & Courtney,* for respondent.

HILTON, J.

Defendant appeals from an order denying its motion for a new trial.

Plaintiff is a New York corporation organized for pecuniary profit with its principal place of business in the city of New York. It is composed of present and former members of the military or naval service of the United States, its states and territories. It was not licensed to do business in the state of Minnesota as a for-

[1]Reported in 229 N. W. 580.

eign corporation for pecuniary profit under G. S. 1923 (2 Mason, 1927) §§ 7493-7495. It claimed its business was interstate and that such a license was not necessary. Defendant is a Minnesota corporation engaged in the business of selling women's, misses' and children's apparel in Duluth, Minnesota. On August 29, 1921, defendant executed and delivered to plaintiff's agent for transmission to and approval by plaintiff a five-year contract, in which defendant was referred to as "merchant." The contract contained among others the following provisions:

"The Association agrees to recommend and advise its members to make their purchases from the merchant, and to place the merchant's name on its list of stores or other literature, suggesting and advising the members to make their purchases from the merchant.

"The merchant agrees to give the Association as a selling commission 10 per cent on all purchases made of the merchant by members of the Association, payable to the Association upon presentation of cash slips, receipted bills or statements, provided they have been paid within sixty days of receipt of same, and on installment accounts provided the final payment has been made within ninety days after final payment is due. * * *

"The merchant agrees to pay the Association two dollars fifty cents ($2.50) a month during the period covered by this agreement as an allowance for the Association to advertise the merchant in such service papers or other media as the Association may select."

The foregoing quoted provisions and others were contained in a printed blank, to which was added in ink, at defendant's request, the following:

"It is understood that the Association will not list more than two dealers in our lines of goods, viz. one department store and one shop devoted to all kinds of women's apparel."

This proposed contract was transmitted by plaintiff's solicitor to it at New York. It did not agree to the added portion but appended and submitted to defendant the following change or modification:

"September 28, 1921.

"The added clause of this contract means that the Association of Army and Navy Stores will not list any of the following stores in Duluth:

"I. Freimuth,

"Silberstein & Bondy Co.

"George A. Gray Co.

"The Oriental Shop,

"The Leiser Co.

"M. C. Albenberg Co.

"J. M. Giddings & Co."

Defendant by its duly authorized and empowered officer signed the contract as modified and sent it on to New York for the approval of plaintiff. It was approved and both parties entered upon the performance thereof. These transmittals were all by United States mail. The modified contract became and continued to be the binding agreement between the parties. About two years after the contract became effective defendant ceased to pay as it had promised to do, and this action was brought to recover for such default.

The defense interposed was that defendant was justified in refusing to continue the performance of the contract because plaintiff had first breached it and that plaintiff was a foreign corporation for pecuniary profit, doing business in Minnesota, and had never been licensed to do business therein and for that reason was not entitled to maintain the action. Plaintiff's reply denied both of these claims of defendant. The case was tried to the court without a jury.

Plaintiff entered into a similar contract with the New York Waist House, Inc. another store in Duluth. This was claimed by defendant to be a breach of its contract.

The trial court found as a fact that at all times since the contract was entered into and during the five-year period plaintiff performed all conditions and terms of the contract on its part to be performed (there is no question raised as to the amount of the recovery); that the contract with the New York Waist House, Inc. did not con-

stitute a breach of the contract with defendant; and that plaintiff was not wrongfully doing business in the state of Minnesota, its business being interstate, and the action therefore not barred by the statute.

The facts above recited clearly establish that the contract, having been accepted and signed in New York, became a New York contract. It was essentially an advertising proposition. Plaintiff owned no property in Minnesota used in connection with its business or otherwise, kept and had no assets and transacted no local business therein. It had no offices or place of business and kept no books or accounts of any kind in Minnesota. Its soliciting agents in Minnesota secured applications for purchasing memberships and for merchant customers. They were sent on to New York for acceptance. The agents could in no way bind plaintiff. All of its business, both with the "merchants" and with its members, was done from New York through the mail, including the payment to the customer members of five per cent of the amount of their purchases pursuant to a separate contract made with them when they became members, being one-half of the ten per cent selling commission paid by the merchant to the plaintiff. Plaintiff's members joined the association in New York, and no distinction was made as to where they resided. They could reside in states other than Minnesota and still be entitled to payment on business they might do with defendant by mail or otherwise. Interstate commerce is not confined to sale of commodities. The business covered by and done under the contract was interstate. There is nothing indicating to the contrary. The state could not bar this action. Outcault Adv. Co. v. Citizens State Bank, 147 Minn. 449, 180 N. W. 705; Defender Auto-Lock Co. v. Schmelzel Co. 157 Minn. 285, 196 N. W. 263, and cases cited; 3 Dunnell, Minn. Dig. (2 ed.) § 4894.

The modification of the contract as finally signed referred specifically to the added clause in the printed form and gave a meaning thereto to which both parties agreed. The only prohibited stores were those listed in that clause. Defendant undoubtedly so construed it, for the New York Waist House, Inc. operated for a year

or more as a like "merchant" with the knowledge of defendant before the contract was breached. No objection was made. The first complaint made by defendant was not predicated on the ground that the arrangement with the waist house was in violation of the contract. The only complaint then made was that the business arrangement was not proving profitable. It was not until some time afterward that defendant advanced the claim as to a breach of contract by plaintiff. We are of opinion that the findings of the trial court had abundant support in the evidence. Its conclusions of law necessarily followed.

Order affirmed.